Mr. Justice CLIFFORD
delivered the opinion of the court.
This was a petition for the confirmation of a land claim under the act of the third of March, 1851, and the ease comes before the court upon appeal from a decree of the District Court of the United States for the Southern District of California. Appellee claims the land and property in question as purchaser from Antonio José Cot and José Antonio Pico, who, as he alleges, were the original grantees of the same under the departmental government of California. Claim is for the mission of San Luis Rey, situated in the County of San Diego, including the rancho of PalaB, and is bounded as follows: North by Santa Margarita, east by the Sierra of Rauma, south by the rancho of San Francisco, and west by the sea-shore, excepting all prior valid grants within the specified boundaries. Title is claimed by virtue of an alleged sale of the property made under the authority of the governor of the department. Grant made in pursuance of the sale is dated at Los Angeles, on the eighteenth day of May, 1846, and purports to have been executed in payment of two thousand dollars in money and four hundred and thirty-seven dollars and fifty cents in grain, with which the grantees had assisted the government in its exigencies, they obligating themselves to satisfy the debt of the mission in produce within four years.
I. Concession is accordingly made of the property to the grantees “in virtue of the faculties with which I find myself invested," but the governor does not condescend to explain what those faculties were, or whence they were derived. Whether the sale was made at private or public sale does not appear, nor in the view taken of the case is it of any importance to inquire. Deposition of the governor was taken to prove the authenticity of the grant, and he testified that his signature appearing in the paper was his genuine signature. Question was put directly to the witness, whether the grant was made in virtue of the colonization law of the eighteenth of August, 1824, or of the regulations of the twenty-first of November, 1828, but his answer was evasive and unsatisfactory. He said the sale was made in virtue of what is expressed in the document itself; that the government made the sale by virtue of the authority with which it considered itself clothed from the Supreme Government, and upon the motives and considerations expressed in the document. He admitted that the governor had not received any special *769 authority to make the particular sale in this case, but endeavored to weaken the force of the admission by adding that he had received special instructions to provide means for the defence of the country by extraordinary efforts and every sacrifice. Instead of claiming that the power to make the grant emanated from the Departmental Assembly, as was claimed in the preceding case, he stated expressly that he did not think the approval of that Assembly was necessary to the validity of the grant. Evidence was also offered by the claimant to show that the original grantees took possession of the property and remained ii possession until it was delivered to the agent of the United States.
II. Commissioners confirmed the claim, and the United States appealed to the District Court, where the decree of the commissioners was affirmed. Whereupon the United States appealed to this court. Propositions discussed in the case are substantially the same as those presented in the case just decided, and for the reasons there suggested it will only he necessary to determine the question of power. When the governor stated in his deposition that he considered the local government clothed with authority from the Supreme Government, he doubtless referred to the despatch of the Minister of War, of the tenth of March, 1846, and also perhaps to the proclamation of the President, which hears date three days later; but the views of the court have been so decidedly expressed upon that subject in the preceding case, that it seems unnecessary to add anything to what was then remarked. Suffice it to say, that we are all of the opinion that the documents will bear no such construction, nor do they afford any substantial support to any such proposition. Taken as a whole, the case is governed by the same principles as the preceding case, and we refer to the reasons there given for our conclusion in this case, — that the governor of the department had no authority to make the grant.
The decree of the District Court is therefore reversed, and the cause remanded with directions to
Dismiss the petition.